

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Mr. Shook:

Opinion No. O-6125
Re: Power of Commissioners'
Court to make contract
whereby county property
may be used by group of
private individuals or
a charitable corporation
to provide for delinquent
and dependent boys, and
related questions.

We have received your recent request for an opinion,
together with your brief thereon; and we quote from same as
follows:

"The Commissioners' Court of Bexar County is
considering a proposition of leasing the Bexar
County School for Boys to a representative group
of businessmen of the City of San Antonio who
have incorporated themselves for the purpose of
aiding delinquent and under-privileged boys. It
is contemplated to lease the entire facilities
to this charitable corporation for an annual
rental of $1.00 with the understanding and agree-
ment that this corporation will receive and pro-
vide for all delinquent and dependent boys com-
mitted to the institution by the County and
District Courts of Bexar County, Texas.

"We desire to secure from you an opinion
concerning the legality of such an agreement to
be entered into by the County, and in connection
therewith ask you the following questions:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John R. Shook, page 2

"(1)  Does the Commissioners' Court of
Bexar County have the legal author-
ity to enter into a contract with
a group of private individuals or
with a charitable corporation
leasing facilities and grounds of
the Bexar County School for Boys,
which is a county institution, and
of course county property?

"(2)  If such a contract can be entered
into, will it be necessary to
publicly advertise for bids?

"(3)  For what period of time could such
a contract be made?

"(4)  If such a contract is made, could
Bexar County legally defray part
of the expenses of operating such
institution, which receives and
provides for delinquent and depend-
ent boys committed by the Courts of
Bexar County?

"(5)  Could Bexar County continue to provide
for the repairs, renovations and main-
tenance of the present facilities or
permanent improvements of such institu-
tion?

"(6)  If new construction were added by the
lessee, could the Commissioners' Court
agree to permit such construction to be
removed upon termination of such lease?

"It seems that the present Bexar County School for
Boys was created under and by virtue of the authority
vested in the County by Article 5136 of the Revised Civil
Statutes of Texas, which permitted counties to establish
detention homes or parental schools for dependent and
delinquent juveniles.

on. John R. Shook, page 3

"There seems to be a serious question as to whether or not the Commissioners' Court has the right to lease county property. The Waco Court of Civil Appeals in Dodson vs. Marshall, 116 S. W. (2) 621, in an opinion written by Judge Alexander, upheld the right of the Commissioners' Court to lease space in the courthouse to an individual to carry on a commercial business of his own for by so doing the Commissioners' Court did not interfere with the use of the courthouse as a whole for the purpose for which it is intended and that the public interest was subserved, it having an information bureau and cigar stand within the courthouse.

"The Supreme Court of Texas in Anderson vs. Wood, 152 S. W. (2d) 1084, recognized the authority of the Commissioners' Court to transact business and make contracts with reference to property belonging to the county.

"It is true, however, that Article 2351, in enumerating the powers of the Commissioners' Court, does not authorize the leasing of county property. Yet, there is no prohibition against such authority.

"With reference to the duration of a contract, the Commission of Appeals in Gulf Bitulithic Company vs. Nueces County, 11 S. W. (2d) 305, held that the County was authorized to enter into an employment contract, extending beyond the term of office for which the members of the Commissioners' Court had been elected.

"It is well established that the Commissioners' Court has and can exercise such powers as are expressly conferred upon it by the Constitution and the Statutes and such other powers as arise by necessary implication from those expressly granted."

In the case of Anderson vs. Wood, mentioned by you, the Supreme Court of Texas, speaking through Chief Justice Alexander, said the following in regard to the powers of the Commissioners' Court:

Hon. John R. Shook, page 4

"It (the Commissioners' Court) is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute. Where a right is conferred, or obligation imposed on said Court, it has implied authority to exercise a broad discretion to accomplish the purposes intended."

We understand that such property which you desire to use was acquired and used for the purpose and aims as were conferred on all counties by Article 5138, Vernon's Annotated Civil Statutes, i. e., to establish, equip and maintain detention homes and parental schools as may be necessary to care for the dependent and delinquent children of the county. We know of no reason why such property could not be used by an organization as you propose in order to carry out and accomplish the original purposes intended. Under Chapter 204, page 313, Acts of the 48th Legislature, Regular Session, 1943, the place of detention need not be owned and operated by the county but "may include private foster or boarding homes for children, or such other places of detention which to the court seem desirable." Also such act further provides that "the County Commissioners' Court may pay for boarding or foster home care for such children to be detained, or all children coming within the meaning of this Act whether prior to or after the child has been adjudged a 'delinquent child'."

We do not believe that this transaction would invoke the provisions of Art. 1577, V. A. C. S., which requires a sale of real estate belonging to the county to be at public auction, nor do we believe it such a contract as contemplated by Article 2368a, V. A. C. S., requiring advertising for bids on contracts for public works.

Such services as are to be supplied to the delinquent and dependent children of the county, being by their very nature continuous ones and for which no determination or completion can be foreseen, should not be contracted for a longer period of time than the expiration of the term of offices of the personnel of the Commissioners' Court.

The next above paragraph answers your question No. (3), and we answer each of your other questions as follows:

Hon. John K. Shook, page 5

Question No. (1): The Commissioners' Court of Bexar County has the legal authority to enter into a contract with a group of private individuals, or with a charitable corporation, whereby the facilities and grounds of the Bexar County School for Boys can be used by such group of private individuals or corporations to receive and provide for all delinquent and dependent boys committed to such institution by the county and district courts of Bexar County, Texas.

Question No. (2): No.

Question No. (4): Yes, to the extent of paying for the care of such children.

Question No. (5): Yes, as it merely would be taking care of its own property in doing so.

Question No. (6): Yes. Such provision may be incorporated in the lease contract.

Trusting this satisfactorily answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*
Robert L. Lattimore, Jr.
Assistant

RLL:rt

APPROVED AUG 19, 1944

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *OS*
CHAIRMAN